UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

NATASCHA VAN DER STOOP,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD., a
Liberian Corporation d/b/a ROYAL
CARIBBEAN INTERNATIONAL and
ROYAL CARIBBEAN CRUISE LINE,

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **NATASCHA VAN DER STOOP** (Hereinafter referred to as **"VAN DER STOOP"**) sues the Defendant, **ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL and ROYAL CARIBBEAN CRUISE LINE** (Hereinafter referred to as **"ROYAL CARIBBEAN"**) and alleges:

### SUBJECT MATTER JURISDICTION & VENUE

1. This honorable Court has jurisdiction over this matter as it involves Admiralty and Maritime matters pursuant to 28 U.S.C. §1332.

2. This action is being filed with this honorable Court in the Southern District, Miami-Dade County Florida, as required by the Forum Selection Clause in the passenger contract ticket issued by Defendant, Royal Caribbean.

## GENERAL ALLEGATIONS

3. At all times material hereto, Defendant, **ROYAL CARIBBEAN** was and is authorized to do business in the State of Florida and is doing business in Miami-Dade County, Florida.

4. At all times material hereto, Defendant, **ROYAL CARIBBEAN** owned, occupied, managed, and/or had control and/or the right to control the cruise ship, *Oasis of the Seas*.

5. At all times material hereto, the Plaintiff, **VAN DER STOOP** was a paid passenger on the subject cruise ship described herein.

6. Defendant, **ROYAL CARIBBEAN** is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States including Miami-Dade County, Florida.

7. Defendant, **ROYAL CARIBBEAN** derives substantial revenues from cruises originating and terminating various ports in the State of Florida, including Miami-Dade County, Florida.

8. At all times material hereto, Defendant, **ROYAL CARIBBEAN**, was the bare-boat-charterer of a sea-faring passenger vessel and cruise ship, *Oasis of the Seas*.

9. On or about August 15, 2012, Defendant, **ROYAL CARIBBEAN** owned, operated, managed, maintained, supervised, chartered and/or controlled the vessel, *Oasis of the Seas*.

10. On or about August 15, 2012, Plaintiff, **VAN DER STOOP** was a fare paying passenger aboard the **ROYAL CARIBBEAN** vessel, *Oasis of the Seas*.

11. On or about August 15, 2012, Plaintiff, **VAN DER STOOP** purchased an excursion onboard the *Oasis of the Seas* for a Jet Ski/Wave Runner Tour to occur from Coco Cay in the Bahamas.

12. On or about August 17, 2012, Defendant, **ROYAL CARIBBEAN** was transporting passengers between ports of the United States, or a port in the United States and a port in a foreign country.

13. On or about August 17, 2012, the JetSki/Wave Runner Tour was organized and conducted by an employee/agent of **ROYAL CARIBBEAN**, who was the scheduled leader of the Tour group.

14. On August 17, 2012, Plaintiff, **VAN DER STOOP**, along with other family members and other passengers from **ROYAL CARIBBEAN's** *Oasis of the Seas* reported to the scheduled location for the planned Jet Ski/Wave Runner Tour.

15. On or about August 17, 2012, as the Tour proceeded with the passengers onboard their Jet Skis, **VAN DER STOOP's** Jet Ski/Wave Runner struck a wave which caused serious injury to **VAN DER STOOP**.

16. As a result of the Jet Ski/Wave Runner striking the wave, the Plaintiff, **VAN DER STOOP** fractured her pelvis, rendering her immobile and in agonizing pain. The Plaintiff had to be taken to a local medical center in Montego Bay, Jamaica.

## COUNT I
## NEGLIGENCE

Plaintiff, **VAN DER STOOP** affirms and adopts each and every allegation contained in Paragraphs 1 through 16 as more fully set forth herein and further alleges.

17. At all times material hereto, Defendant, **ROYAL CARIBBEAN** owed a duty to its passengers, more specifically to the Plaintiff, **VAN DER STOOP**, to exercise reasonable care in determining whether or not it was safe to operate a Jet Ski/Wave Runner vessel on the date and time of the scheduled Tour.

18. At all times material hereto, Defendant, **ROYAL CARIBBEAN** knew or should have known that the surf conditions were too rough and unsafe and therefore, unreasonably dangerous for Jet skiing.

19. At all times material hereto, Defendant, **ROYAL CARIBBEAN** by and through its agents, employees, staff and/or representatives who were acting in the course and scope of their employment and/or agency with Defendant, **ROYAL CARIBBEAN** did not warn or train the Jet Ski/Wave Runner riders, more specifically, **VAN DER STOOP** for operating a Jet Ski/Wave Runner in rough surf.

20. At all times material hereto, and in particular on or about August 17, 2012, Defendant, **ROYAL CARIBBEAN** by and through its agents, employees, staff and/or representatives who were acting in the course and scope of their employment and/or agency with Defendant, breached its duty of care to the Plaintiff **VAN DER STOOP** and was negligent in one or more of the following ways:

    a. Failure to take reasonable care in instruction, supervision and education in how to ride a Jet Ski/Wave Runner, especially in rough surf conditions;

    b. Creating a dangerous condition by allowing the Jet Ski/Wave Runner Tour to continue in rough seas when the Tour should have been aborted;

    c. Failure to adequately warn Jet Ski/Wave Runner riders, more particularly, **VAN DER STOOP** of the hazards involved in operating a Jet Ski/Wave Runner in rough surf conditions;

    d. Failure to properly supervise the Jet Ski/Wave Runner riders, more particularly, **VAN DER STOOP**.

21. As a direct and proximate result of the aforementioned acts, omissions, carelessness and negligence of the Defendant, Plaintiff, **VAN DER STOOP**

sustained serious and permanent injuries to her pelvis, body and extremities, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and **VAN DER STOOP** will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **VAN DER STOOP** demands judgment against Defendant, **ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation d/b/a ROYAL CARIBBEAN INTERNATIONAL and ROYAL CARIBBEAN CRUISE LINE**, of all allowable compensatory damages and further requests trial by jury of all issues so triable as a matter of right in this cause.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed this ____ day of August, 2016.

Respectfully submitted,

By: /s/ Barry S. Friedman, Esq.
Barry S. Friedman, Esq.
Florida Bar No.: 919322
**THE FRIEDMAN LAW FIRM, P.A.**
Attorneys for Plaintiff(s)
Sanctuary Centre - Suite 100-D
4800 North Federal Highway
Boca Raton, Florida 33431
(561) 394-8235 (Tel)
(561) 394-8316 (Fax)
BFriedman@TheFriedman-LawFirm.com (Email)